IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

C.J., a minor by and through his next friend )
JANICE BRADY, )
and on behalf of all others similarly situated, )
                                            )
        Plaintiff, )
                                            )       No. 4:20-CV-00261-DGK
v. )
                                            )
TRUMAN MEDICAL CENTER, INC., )
                                            )
        Defendant. )

**ORDER GRANTING MOTION TO DISMISS FOR LACK OF JURISDICTION**

      This putative class-action lawsuit arises out of the theft of laptop from Defendant Truman Medical Center, Inc.'s ("TMC") employee, which purportedly contained Plaintiff C.J.'s and other class members' personal information. Plaintiff asserts that because of the theft, TMC is liable for damages under seven state-law tort and contract theories.

      Now before the Court is TMC's Motion to Dismiss (Doc. 6). Because this Court does not have subject-matter jurisdiction over this action, the motion is GRANTED.

**Background**

      TMC is a healthcare system in the Kansas City, Missouri, area. Although not explicitly alleged in the Complaint, Plaintiff presumably was a patient at TMC and gave TMC his personal information, which it stored on its internal database. In July 2019, health system officials learned that a TMC-owned laptop, which contained the private information of more than 114,000 patients, including Plaintiff's,[1] had been stolen.

---

[1] Given the outcome of this Order, the Court assumes that all references in the Complaint to "Plaintiff" are to C.J., rather than to Janice Brady. The Court notes, however, that the Complaint's use of different pronouns confuses the reader as to which individual is the allegedly injured party. *See, e.g.,* Compl. at ¶ 13 ("Plaintiff, C.J., a minor, through *his* legal guardian . . . ." (emphasis added)), ¶ 27 ("Plaintiff believes *her* Private Information . . . ." (emphasis added)), and ¶ 69 ("Plaintiff brings this action on behalf of *herself* . . . ." (emphasis added)). Since Janice Brady is bringing this

On April 2, 2020, Plaintiff brought this lawsuit on his own behalf and on behalf of all others similarly situated, alleging negligence (Count I), invasion of privacy (Count II), breach of express and implied contract (Counts III and IV), negligence per se (Count V), breach of fiduciary duty (Count VI), and violation of the Missouri Merchandising Practices Act ("MMPA") (Count VII) arising from the theft of TMC's laptop and the potential disclosure of his personal, private information. Plaintiff alleges TMC inadequately safeguarded his information, leaving him at risk of its improper disclosure and vulnerable to a stolen identity. He claims he must now closely monitor his financial accounts and "may" incur out of pocket costs to ensure his information is not compromised. Compl. at ¶ 10. Plaintiff seeks damages for these expenses, as well as equitable relief compelling TMC to utilize proper methods and policies to safeguard private information and to disclose with specificity the type of private information compromised in the breach. *Id*. at 38–39.

In lieu of an answer, TMC filed the instant motion to dismiss, claiming this Court lacks subject-matter jurisdiction to hear this case.

## Discussion

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Here, Plaintiff alleges this Court possesses federal-question jurisdiction under 28 U.S.C. § 1331, which authorizes federal district courts to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States."

"For statutory purposes, a case can 'aris[e] under' federal law in two ways." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). First, and "[m]ost directly, a case arises under federal law when

---

claim on behalf of C.J., however, the Complaint should properly refer to C.J. as Plaintiff.

federal law creates the cause of action asserted." *Id*. A case may also arise under federal law where "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id*. at 258 (summarizing the standard previously outlined by the Supreme Court in *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)) (hereinafter referred to as "the *Grable/Gunn* standard"). Only a "special and small category" of cases will meet the *Grable/Gunn* standard. *Id*. (citation omitted). To determine whether a case "arises under" federal law in either of these two ways, the Court looks to the facts of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citations omitted).

It is clear from Plaintiff's complaint that this case does not fall within the first category because Plaintiff has pled no federal causes of action. Thus, this Court has federal-question jurisdiction over this case only if it is one of the "special and small category" of cases that meet the *Grable/Gunn* standard.

Plaintiff contends it does because the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320d *et seq*., ("HIPAA"), the Federal Trade Commission Act, 15 U.S.C. § 45, ("FTC Act"), and the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801, ("GLBA")[2] set the standard of care in his negligence, negligence per se, and breach of fiduciary duty claims. Compl. at ¶ 1, 37, 83–85 (negligence), 131–35 (negligence per se), 146–55 (breach of fiduciary duty). His complaint also contains allegations that TMC violated the MMPA by failing to, among other things, comply with these statutes. *Id*. at ¶ 163. He argues the Eighth Circuit's recent decision in *Wullschleger v. Royal Canin U.S.A., Inc.*, 953 F.3d 519 (8th Cir. 2020), is "nearly identical" to this case and, therefore, requires this Court to find that the exercise of jurisdiction is proper.

---

[2] The Court notes that the GLBA applies to "financial institutions," 15 U.S.C. § 6801, so it is unclear how it applies to TMC—a healthcare provider.

3

In *Wullschleger*, the plaintiffs alleged in their complaint that the defendants—prescription pet food manufacturers—violated Missouri's MMPA, antitrust laws, and unjust enrichment laws. *Id*. at 520. The alleged basis for these claims was that the defendants' "conduct amounted to a joint and coordinated violation of the Food, Drug and Cosmetic Act (FDCA) and the [United States Food and Drug Administration's ("FDA")] regulatory guidance." *Id*. The plaintiffs' prayer for relief included money damages, as well as declaratory and injunctive relief finding that the defendants violated federal law, and requiring they comply with federal laws in the future. *Id*.

The Eighth Circuit held the federal court had jurisdiction because federal law "permeate[d] the allegations such that the antitrust and unjust enrichment claims cannot be adjudicated without reliance on and explication of federal law." *Id*. at 522. Specifically, "[a]s evidence of coordination and conspiracy, plaintiffs explicitly claim that defendants violated the FDCA, were non-compliant with FDA guidance, and that their refusal to submit the prescription pet food to FDA review was improper." *Id*. The Court also noted that "plaintiffs' prayer for relief [also] invokes federal jurisdiction because it seeks injunctive and declaratory relief that necessarily requires the interpretation and application of federal law." *Id*. Thus, the federal court could properly maintain jurisdiction. *Id*.

Plaintiff's reliance on *Wullschelger* is misplaced. *Wullschleger* has nothing to do with HIPPA, the FTC Act, the GLBA, or the circumstances presented here. Unlike in *Wullschleger*, Plaintiff's complaint does not request any declaratory or injunctive relief requiring application of federal law. Nor does it contain claims which cannot be adjudicated without reliance on and explication of federal law.

In fact, courts analyzing this issue have consistently held that HIPPA, the FTC Act, and the GLBA do not provide a basis for federal question jurisdiction under the *Grable/Gunn* standard. *See, e.g.*, *I.S. v. Washington Univ.*, No. 4:11-CV-235-SNLJ, 2011 WL 2433585, at *5 (E.D. Mo.

4

June 14, 2011) ("Although HIPAA is clearly implicated in the claim for negligence per se, said claim 'fall[s] within that broad class of state law claims based on federal regulations in the state court, as described in *Grable*.'") (citation omitted); *Inst. For Truth in Mktg. v. Total Health Network Corp.*, 321 F. Supp. 3d 76, 84–88 (D.D.C. Aug. 13, 2018) (finding that federal jurisdiction did not exist under the *Grable/Gunn* standard for a District of Columbia Consumer Protection Procedures Act claim based on the FTC Act). This Court agrees that standard is not met here.

To be sure, Plaintiff's negligence, breach of fiduciary duty, and MMPA claims fail on the first element because they do not necessarily raise a federal issue. Plaintiff has alleged alternative bases for those claims that are not reliant on any issue of federal law. Thus, their adjudication will not necessarily require the application of federal law to the facts of this case. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 810 (1988) (holding it is well established that "a claim supported by alternative theories in the complaint may not form the basis for [federal] jurisdiction unless [federal] law is essential to each of those theories.").

And even though the negligence per se claim relies exclusively on a standard of care derived from HIPPA, the FTC Act, and the GLBA, none of Plaintiff's claims satisfy the third and fourth elements of the *Grable/Gunn* standard. First, the federal issues purportedly giving rise to federal jurisdiction—whether TMC violated HIPPA, the FTC Act, and the GLBA—are not substantial. Although the information that is the subject of this litigation is protected by HIPPA, and although the disclosure of such information is arguably governed by the FTC Act, any reference to these statutes is simply a standard upon which to measure TMC's negligence, not necessarily an assertion that TMC violated them and should be held liable. Indeed, only the administrative agencies overseeing these statutes are vested with the authority to determine and adjudicate violations. Thus, Plaintiff's complaint simply uses federal law to establish one element of a state-law claim, which does not create a substantial issue of federal law. *See Merrell Dow Pharm. Inc. v. Thompson*, 478

5

U.S. 804, 814 (1986) (holding "the presence of a claimed violation of [federal law] as an element of a state cause of action" is insufficient on its own to confer federal jurisdiction).

That these claims are not substantial is further supported by the fact that neither HIPPA, the FTC Act, nor the GLBA give rise to a private cause of action. *See Adams v. Eureka Fire Prot. Dist.*, 352 F. App'x 137, 139 (8th Cir. 2009) (holding "HIPAA does not create a private right" of action); *Morrison v. Back Yard Burgers, Inc.*, 91 F.3d 1184, 1187 (8th Cir. 1996) (holding that the FTC Act does not provide for a private right of action); *Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956, 960 (8th Cir. 2007) ("No private right of action exists for an alleged violation of the GLBA.") (internal citations omitted). And as the Supreme Court explained in *Merrell Dow*, "the congressional determination that there should be no federal remedy for the violation of [a] federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." 478 U.S. at 814. In other words, the fact that Congress did not provide a federal cause of action for violations of these statutes strongly suggests that Congress did not believe these federal issues were substantial enough to authorize private claims of this type to be adjudicated in a federal forum.

As to the fourth factor, allowing these garden-variety, state-law claims premised on the breach of some federal standard of care to proceed in federal court would essentially federalize an entire category of cases that Congress has not federalized. It would also circumvent the enforcement mechanisms of these statutes established by Congress, greatly disturbing the balance between federal and state judicial responsibilities. Accordingly, Plaintiff's claims do not satisfy *Grable/Gunn*-standard. This Court, therefore, does not have federal-subject-matter jurisdiction to hear this case.

## Conclusion[3]

Because this Court does not have federal question jurisdiction over this action, it is DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated: June 25, 2020    /s/ Greg Kays
　　　　　　　　　　　　GREG KAYS, JUDGE
　　　　　　　　　　　　UNITED STATES DISTRICT COURT

---

[3] Because this Court does not have jurisdiction over Plaintiff's claims, it does not address TMC's alternative argument that Plaintiff's claims should be dismissed for lack of standing.